FILED
January 06, 2010
CLERK, U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA
0002328924

4 pages

JEREMY W. KATZ (SBN: 119418)
MATTHEW J. SHIER (SBN: 72638)
PINNACLE LAW GROUP LLP
425 California Street, Suite 1800
San Francisco, CA 94104
Telephone: (415) 394-5700
Facsimile: (415) 394-5003

Attorneys for Trustee
PREM N. DHAWAN

UNITED STATES BANKRUPTCY COURT FOR

THE EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

In re

CCS COLLECTION SERVICES, INC.,
fka COLUMBIA CREDIT SERVICES,
INC.,

Debtor.

Case No. 09-31645-A-7

Chapter 7

DC No.-JWK-1

MOTION FOR ORDER AUTHORIZING
ABANDONMENT OF PERSONAL
PROPERTY; MEMORANDUM OF
POINTS AND AUTHORITIES IN
SUPPORT THEREOF

Date: February 16, 2010
Time: 9:00 a.m.
Place: Department A, 7th Floor
Judge McManus

**MOTION**

Prem N. Dhawan, Trustee of this bankruptcy (the "Trustee") estate moves this Court for an order authorizing him to abandon certain personal property (the "Personal Property") back to the Debtor (the "Motion"). The Personal Property consists of all accounts receivable, books and records relating to the accounts receivable, any claims or causes of action relating to the accounts receivable, and all other personal property EXCEPT FOR any and all deposit accounts in which the bankruptcy estate has an interest. The reason for the proposed abandonment is that First Bank

2001.004     1     POINTS AND AUTHORITIES IN SUPPORT OF
MOTION FOR ABANDONMENT

PINNACLE LAW GROUP LLP
425 California Street
Suite 1800
San Francisco, CA 94104
(415) 394-5700

has an enforceable security interest against all of the bankruptcy estate's assets except for the deposit accounts, which the Trustee asserts are not subject to First Bank's enforceable security interest. Therefore, all of the Personal Property is of inconsequential benefit and value to the estate, and its abandonment will allow the Trustee and his counsel to stop spending significant administrative time in responding to numerous telephone calls and correspondence from account debtors and attorneys concerning the accounts receivable, their validity, whether they can be compromised, required lien releases, etc.

## MEMORANDUM OF POINTS AND AUTHORITIES

In May 2009, before CCS Collection Services, Inc., fka Columbia Credit Services, Inc. (the "Debtor") filed for bankruptcy, secured creditor First Bank sued the Debtor in Sacramento County Superior Court, Case No. 34-2009-00044895, seeking, among other things, the appointment of a receiver. On May 28, 2009, pursuant to its order (the "Receivership Order"), the Superior Court appointed Robb Evans & Associates LLC as receiver (the "Receiver") to take possession, custody, and control of all of the Debtor's assets.

The Debtor filed its voluntary chapter 7 bankruptcy petition on June 9, 2009, and Prem N. Dhawan was appointed trustee (the "Trustee"). The Trustee and his counsel analyzed First Bank's loan documents and determined that First Bank had an enforceable security interest in all of the Debtor's assets (the "Personal Property"), except for monies in deposit accounts (the "Deposit Accounts") held in banks other than First Bank.[1] Thus, the Personal Property consists of all accounts receivable, books and records relating to the accounts receivable, any claims or causes of action relating to the accounts receivable, and all other personal property EXCEPT FOR the Deposit Accounts. Consequently, the Trustee determined that there was no benefit to the estate in administering the Personal Property because he would have to turn over all receivables he collected to First Bank.

On June 22, 2009, the Bankruptcy Court filed it order (the "Stipulated Order") approving a stipulation between the Trustee, First Bank, and the Receiver pursuant to which First Bank

---

[1] First Bank asserts that it also has an enforceable security interest in the Deposit Accounts. The Trustee has filed an Adversary Proceeding against First Bank and a third party to determine the bankruptcy estate's interest in the Deposit Accounts and to determine whether First Bank properly perfected its security interest in the Deposit Accounts.

PINNACLE LAW GROUP LLP
425 CALIFORNIA STREET
SUITE 1800
SAN FRANCISCO, CA 94104
(415) 394-5700

1 obtained relief from the automatic stay to collect the receivables and the Receiver was permitted

2 to perform all of its duties and functions set forth in the Receivership Order. The Stipulated

3 Order specifically provided that the Trustee retained whatever interest it had in the Deposit

4 Accounts. The Trustee now seeks to abandon the Personal Property because it is burdensome and

5 of inconsequential value and benefit to the bankruptcy estate because even if the Trustee

6 administered the Personal Property, he would have to turn over the proceeds to First Bank and the

7 bankruptcy estate would not receive any money for creditors. Its abandonment will allow the

8 Trustee and his counsel to stop spending significant administrative time in responding to

9 numerous telephone calls and correspondence from account debtors and attorneys concerning the

10 accounts receivable, their validity, whether they can be compromised, required lien releases, and

11 the like.

## LEGAL ARGUMENT

13 Bankruptcy Code § 554(a) provides, "After notice and a hearing, the trustee may abandon

14 any property of the estate that is burdensome to the estate or that is of inconsequential value and

15 benefit to the estate." "In order to approve a motion to abandon property, the bankruptcy court

16 must find either that (1) the property is burdensome to the estate or (2) of inconsequential value

17 and inconsequential benefit to the estate. [...] *Morgan v. K.C. Mach. & Tool Co.)*, 816 F.2d 238,

18 245 (6th Cir. 1987)." *Vu v. Kendall (In re Vu)*, 245 B.R. 644, 647 (Bankr. 9th Cir. 2000).

19 Here, the Trustee meets both tests: the Personal Property is burdensome to the estate

20 because the Trustee must respond to numerous telephone calls and correspondence relating to the

21 Personal Property which will generate no money for creditors; and because the Personal Property

22 itself is worthless to the bankruptcy estate as it constitutes First Bank's collateral.

23 ///

24 ///

25 ///

26 ///

27 ///

28 ///

PINNACLE LAW GROUP LLP
425 California Street
Suite 1800
San Francisco, CA 94104
(415) 394-5700

2001.004                                      3                    POINTS AND AUTHORITIES IN SUPPORT OF
                                                                   MOTION FOR ABANDONMENT

PINNACLE LAW GROUP LLP
425 CALIFORNIA STREET
SUITE 1800
SAN FRANCISCO, CA 94104
(415) 394-5700

1

**CONCLUSION**

2    The Personal Property is burdensome and of inconsequential value and benefit to the bankruptcy

3    estate. Therefore, the Trustee requests that the Court authorize the abandonment of the Personal

4    Property and for any additional relief that the Court deems appropriate.

5

6    Dated:  January 6, 2010                        PINNACLE LAW GROUP LLP

7

8                                             BY:     /s/Jeremy W. Katz
                                                     JEREMY W. KATZ
9                                                    Attorneys for Trustee
                                                     PREM N. DHAWAN

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28